UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
ALMEDIN KLAPUH, on behalf of            )
himself and all others similarly situated,    )
                                                    )
        *Plaintiffs*,                                )
                                                    )        Case No.: 1:21-cv-10328-ADB
                v.                                   )
                                                    )
AMERICAN CARPET SOUTH INC. d/b/a   )
ACS FLOORING, and                            )
JOSEPH SANTAGATA,                         )
                                                    )
        *Defendants*.                              )
_____)

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

This is a class action brought by Almedin Klapuh, on behalf of himself and all similarly situated individuals who have worked as flooring installers for Defendant, American Carpet South Inc. d/b/a ACS Flooring ("ACS"), and who have been misclassified as independent contractors, denied wages and, upon information and belief, subjected to unlawful deductions from their wages. As described below, Defendants have violated the Massachusetts wage laws in various ways. Defendants have employed carpet and flooring installers ("Installers") to install various types of flooring in customers' homes and businesses in Massachusetts, New Hampshire, and across the Northeast United States. Despite ACS' control over the Installers, as described herein, ACS classified the Installers as "independent contractors."

Upon information and belief, the Installers regularly worked more than forty (40) hours each week, and regularly worked greater than eight (8) hours per day but were not paid time and a half for overtime hours worked. The Installers spent their time engaged in manual labor installing

1

carpet, laying hardwood floors and other types of flooring, yet they were not paid time and half for overtime hours.

Defendants also deducted money from the Installers for, among other things: shirts/uniforms with the ACS name and logo; ACS badges; CORI records for themselves and any crew members; workers' compensation 'penalties'; and charge-back account payments/customer complaint deductions.

Plaintiff, Almedin Klapuh ("Plaintiff"), on behalf of himself and all others similarly situated, allege violations of the Massachusetts wage law, M.G.L. c. 149 and c. 151, and seek compensation for damages including lost wages and trebling of wages, interest, attorney's fees and costs, and any other relief that the court deems proper.

<u>**PARTIES**</u>

1.     Plaintiff, Almedin Klapuh, is an individual who resides at 48 Conant Street, Revere, MA 02151.

2.     Plaintiff brings this claim on behalf of himself and all other similarly situated, namely all individuals who provided services to the Defendants as flooring installers and suffered violations alleged herein. The proposed class meets the requirements of M.G.L. c. 149, § 150, M.G.L. c. 151, §§ 1B and 20, and/or Mass.R.Civ.P. 23 for class certification.

3.     Defendant, American Carpet South Inc. d/b/a ACS Flooring ("ACS"), is a New Jersey limited liability company with its principal office located at 347 Broadway, Passaic, NJ 07055, and a registered agent in the Commonwealth at Legalinc Corporate Services Inc., 1900 West Park Drive, Suite 280B, Westborough, MA. At all relevant times herein, ACS operated a service center location in Springfield, MA.

2

4.    Defendant, Joseph Santagata ("Santagata"), is an individual resident of New Jersey with a residential address at 22 Nottingham Court, Ringwood, NJ 07456. Santagata is the Chief Executive Officer, President, and sole Director of ACS.

## JURISDICTION AND VENUE

5.    Jurisdiction is proper in superior court in the Commonwealth of Massachusetts pursuant to Mass. G. L. c. 212, § 3, because there is no reasonable likelihood that the recovery for Plaintiff and for all others similarly situated will be less than or equal to $50,000 but not greater than $75,000.

6.    Venue is proper in Suffolk County because Plaintiff, Almedin Klapuh, resides in Suffolk County.

## STATEMENT OF FACTS

7.    ACS specializes in sourcing, furnishing, and installing residential and commercial flooring.

8.    ACS operates a website and, in a section titled "Our Story," ACS boasts that it is the "premier flooring installation services company on the East Coast."

9.    ACS installs flooring for customers throughout Massachusetts, as well as throughout the northeast region of the United States, from Virginia to Maine.

10.   Upon information and belief, at all times relevant hereto, ACS has kept a business location within Massachusetts at 88 Industry Avenue Rear 1, Springfield, MA 01104.

11.   ACS is a flooring installation partner to commercial retail customers, such as The Home Depot, and contracts with those commercial retail customers to provide carpet and flooring installation to that retailers' customers.

12.   In or around May 2013, ACS hired the Plaintiff as an Installer.

13.     ACS requires Installers, such as the Plaintiff, to submit to and pay for a Criminal Offender Record Information ("CORI") check.

14.     ACS requires Installers, such as the Plaintiff, to incorporate as a corporation or limited liability company in their home State and provide proof/paperwork of the Installer's federal Employment Identification Number (EIN).

15.     ACS requires that any workers, employees, and/or subcontractors of Installers also submit to a CORI check, at the Installer's expense.

16.     ACS requires Installers, such as the Plaintiff, to maintain and provide proof of liability insurance policies, including Commercial General Liability, Auto Liability for vehicles used to perform installation work, Workers Compensation, Employers Liability, and Commercial Excess Liability Coverage.

17.     ACS requires Installers to name ACS as an additional insured on all such insurance policies.

18.     ACS requires Installers to wear an ACS name badge and t-shirt when performing installation work on behalf of ACS.

19.     ACS requires that all workers, employees, and/or subcontractors associated with the Installer wear an ACS name badge and t-shirt when performing installation work on behalf of ACS.

20.     Upon information and belief, ACS requires that Installers follow specific standards of conduct when performing installation work on behalf of ACS.

21.     Upon information and belief, from May 2013 to approximately November 2019, ACS provided work orders to the Installers to appear for work at various locations in Massachusetts.

4

22.    During that time, ACS directed the Plaintiff and other Installers to perform flooring installations for its retail clients at customers' homes and businesses throughout Massachusetts and New Hampshire, among other places.

23.    ACS receives and assesses any customer complaints or charge-back requests related to an Installer's work.

24.    ACS controlled the installation projects which were awarded to the Plaintiff and other Installers.

25.    Upon information and belief, ACS generally compensates the Installers such as the Plaintiff by paying them either a small percentage of the total project price or a small percentage of the cost of the total square footage of flooring purchased by the customer for the project.

26.    Accordingly, the Installers' pay varies from project to project.

27.    Upon information and belief, ACS did not pay Plaintiff or the other Installers the wages owed to them.

28.    Upon information and belief, ACS did not pay Plaintiff or the other Installers an hourly rate equal to minimum wage for all of the hours that they performed services for ACS.

29.    Upon information and belief, ACS did not pay Plaintiff or the other Installers an hourly rate equal to one and one-half times their regular hourly rate for all of the hours that they worked in excess of forty (40) during a workweek for ACS.

30.    Upon information and belief, ACS did not pay Plaintiff or the other Installers for travel time or travel expenses that they incurred while performing services for ACS.

31.   Upon information and belief, ACS made improper deductions from the wages of Plaintiff and the other Installers, including but not limited to customer charge-backs, ACS badges, and installation warranties/guarantees.

32.   ACS did not provide Plaintiff or the other Installers with any sick time, vacation time, or paid time off.

33.   Upon information and belief, ACS determined the manner, method, and amount of compensation for Plaintiff and the other Installers without negotiation.

34.   ACS classified Plaintiff and the other Installers as independent contractors; however, they are actually the employees of ACS.

35.   ACS retains the right to control and does control the work of Plaintiff and the other Installers.

36.   Plaintiff and the other Installers are not free from control and direction in connection with their performance of services for ACS.

37.   Plaintiff and the other Installers perform services within the usual course of ACS' business, to wit: carpet and flooring installation.

38.   Upon information and belief, Plaintiff and other Installers "wear the hat" of ACS while installing flooring, including wearing ACS badges, t-shirts, and presenting themselves as ACS employees.

39.   Defendants' violations, as set forth above, have been made knowingly and willfully, and/or in reckless disregard of their employees' rights.

40.   Plaintiff filed a Non-Payment of Wages Complaint with the Massachusetts Attorney General's Office and has been granted a private right of action pursuant to M.G.L. c. 149, § 150 and/or c. 151, §§ 1B and 20 to pursue in civil court the claims herein.

## CLASS ALLEGATIONS

41.     Plaintiff's claims satisfy all of the requirements for class treatment under Mass. R. Civ.

P. 23 and M.G.L. c. 149, § 150 and M.G.L. c. 151, §§ 1B and 20.

42.     The proposed class of Installers is so numerous that joinder of all members would be

impracticable.

43.     The proposed class of Installers are those Installers who performed work in

Massachusetts.

44.     There are issues of law and fact raised by Plaintiff's claims common to all members

of the proposed class, in that the claims raise similar legal and factual issues

concerning the Defendants' relationship with and compensation structure for Installers

working for the Defendants.

45.     Class treatment is superior to other available methods for the fair and efficient

adjudication of the controversy for a number of reasons, including but not limited to

the following:

    a.  the case challenges the policies of a relatively large employer and many employees

        may be reluctant to bring claims individually for fear of retaliation or for ignorance

        as to their rights;

    b.  some class members may have worked for the Defendants for so short a period of

        time that their individual damages would not be worth the cost and effort to bring

        individual claims;

    c.  many class members will not have the resources to bring individual claims; and

    d.  it would be highly inefficient to require each employee affected by the practices

        challenged herein to bring his or her own individual claim.

46. Upon information and reasonable belief, each proposed class member's claim for unpaid wages and failure to pay overtime will total ***less than*** Sixty-Five Thousand Dollars ($65,000).

47. Upon information and reasonable belief, the proposed class's damages will total ***less than*** Four Million Dollars ($4,000,000).

## COUNT I
### (Violation of the Massachusetts Independent Contractor Law)

48. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint and incorporates them into this count as if specifically alleged herein.

49. The Defendants have violated M.G.L. c. 149, § 148B by misclassifying the Plaintiff and the proposed class members of the Installers as independent contractors when, under the Massachusetts Wage Act, they are actually employees.

50. This count is brought pursuant to M.G.L. c. 149, §§ 148B and 150.

## COUNT II
### (Violation of Massachusetts Wage Law – Overtime)

51. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint and incorporates them into this count as if specifically alleged herein.

52. The Defendants have violated M.G.L. c. 151, § 1A by failing to pay Plaintiff, and the proposed class members of Installers, one-and-one-half times their applicable wages for all hours worked over forty (40) per week.

53. This count is brought pursuant to M.G.L. c. 151, § 1B.

## COUNT III
### (Violations of the Massachusetts Wage Law – Failure to Pay Wages)

54. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint and incorporates them into this count as if specifically alleged herein.

55.    The Defendants have violated M.G.L. c. 149, § 148 by making certain unlawful deductions from the paychecks of Plaintiff and the proposed class members of the Installers.

56.    The Defendants have further violated M.G.L. c. 149, § 148 by failing to pay to Plaintiff and the proposed class of Installers all wages and benefits paid to ACS' properly classified employees including vacation and holiday pay, and state and federal withholding taxes.

57.    This count is brought pursuant to M.G.L. c. 149, §§ 148 and 150.

## COUNT IV
### (Unjust Enrichment and *Quantum Meruit*)

58.    Plaintiff repeats and re-alleges each and every allegation contained in this Complaint and incorporates them into this count as if specifically alleged herein.

59.    The Plaintiff and class members have been deprived by the Defendants of the fair value of their services and are thus entitled to recovery in *quantum meruit* pursuant to the common law of the Commonwealth of Massachusetts.

60.    As a direct and proximate result of Defendants' conduct, Defendants have received substantial benefits to which they had no entitlement, at the Plaintiff and class members' expense, including lost profits.

61.    Defendants have thus unjustly enriched themselves to the detriment of the Plaintiff and the class members in violation of Massachusetts common law.

## JURY DEMAND

**Plaintiff requests a trial by jury on claims alleged herein.**

WHEREFORE, the Plaintiff requests that this Honorable Court enter the following relief:

1. Grant class certification allowing this action to proceed as a class action under Massachusetts Rule of Civil Procedure 23 and M.G.L. c. 149, § 150 and M.G.L. c. 151, §§ 1B and 20;

2. Award the Plaintiff and class members damages under M.G.L. c. 149, and c. 151, and their common law claims, including, but not limited to, mandatory treble damages under M.G.L. c. 149, § 150 and M.G.L. c. 151, §§ 1B and 20;

3. Award the Plaintiff and class members reasonable costs, expenses, and attorneys' fees under M.G.L. c. 149, § 150 and M.G.L. c. 151, §§ 1B and 20; and,

4. Award Plaintiff and class members any other relief to which they may be entitled.

Respectfully submitted,

**ALMEDIN KLAPUH**,
**on behalf of himself and all others similarly situated**,
By his attorneys,

/s/ *Amie DiGiampaolo*
Travis J. Jacobs, Esq. (BBO# 671921)
Amie DiGiampaolo, Esq. (BBO# 662558)
THE JACOBS LAW, LLC
36 Bromfield Street, Ste. 502
Boston, MA 02108
TJacobs@TheJacobsLaw.com
AmieD@TheJacobsLaw.com
Dated: March 2, 2021                    800.652.4783 (P) / (F) 888.613.1919

**<u>CERTIFICATE OF SERVICE</u>**

I, Amie DiGiampaolo, counsel for the Plaintiffs, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent via first-class mail to those indicated as non-registered participants on March 2, 2021.

<u>/s/ *Amie DiGiampaolo*</u>
Amie DiGiampaolo, Esq.

11